UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| JOHN DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR INJUNCTION & DAMAGES

Delta Air Lines, Inc. ("Delta" or "Plaintiff") files this Complaint for Injunction and Damages ("Complaint") against the below-described John Doe defendants (collectively, "Defendants"), whose fraud, counterfeiting, infringement, conspiracy, and other wrongful acts, individually and in combination, have caused and continue to cause both legal damages and other substantial and irreparable harm to Delta.

## Overview of Defendants' Wrongful Acts

This lawsuit arises from, among other actionable offenses, wire fraud, counterfeiting, bad faith infringement, and other intentional violations of federal and state law by Defendants. As part of a criminal scheme to defraud members of the public who erroneously believe they are interacting and ultimately contracting with

Delta, Defendants have misappropriated Delta's famous and valuable marks, including, but not limited to, the DELTA Mark, Delta's iconic WIDGET LOGO Mark, and Delta's LIVERY Mark.  Specifically, Defendants have placed online and are operating a publicly-accessible website at the domain "DeltaPetTransit.com" that purports to be owned and operated by Delta.  Defendants have used, are using, and/or intend to continue to use this website to advertise bogus pet air-transport services and to dupe intended victims into believing that they are dealing with Delta and are tendering pet shipment-related payments and fees directly to Delta.  In fact, the Defendants offer no services, provide no consideration whatsoever, and instead retain and convert all payments that they – while posing as Delta – receive pursuant to this criminal scheme.

Delta has not authorized any Defendant to use in any way its name or marks and is in no way affiliated with any Defendant, their scheme, or their website.  Delta now brings this action to prevent the further misappropriation of its name, marks, and intellectual property by Defendants; to cause Defendants to cease and desist from further defrauding the American public; and to recover damages arising from Defendants' willful and bad-faith misconduct.

## Jurisdictional Allegations

### *Personal Jurisdiction*

1.

Delta is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30320.  Delta has been and is engaged in substantial business activities within this judicial district.

2.

John Does 1-25 are persons and entities whose identities are not yet known and whose tortious and illegal acts were intended to and did cause harm to Delta here in its home State of Georgia.  Each Defendant acted in concert with one or more of the other Defendants to produce the indivisible damages to Delta described below.  Defendants were at all times aware and, in fact, intended that their wrongful acts would harm Delta in Georgia, which is the headquarters, nerve center, and principal base of Delta's worldwide operations.  Upon information and belief, pursuant to Defendants' targeting and intention, the visitors to the Defendants' website and the consumers whom Defendants attempted to or did dupe into making payments to Defendants include Georgia residents.

3.

Accordingly, as a part of their overall criminal scheme, Defendants have purposefully availed themselves of the right to do business in the State of Georgia. The misconduct of Defendants has, upon information and belief, involved substantial, systematic, and continuous contacts with Georgia.

4.

Defendants are subject to jurisdiction pursuant to, among other sources, the Georgia Long-Arm Statute (O.C.G.A. § 9-10-91), the doctrines of general and specific jurisdiction, co-conspirator jurisdiction, and the principles set forth in Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984) and Walden v. Fiore, __ U.S. __, 134 S. Ct. 115, 188 L. Ed. 2d 12 (2014).

5.

Because of the measures taken by Defendants to conceal their true identities, the names of Defendants are not yet known to Delta. Through investigation and discovery in the present matter, Delta will determine the identities of these Defendants and will identify them by amendment to this Complaint.

### *Subject Matter Jurisdiction*

6.

This Court has subject matter jurisdiction over all claims presented in this

Complaint.

7.

Specifically, this Court has subject matter jurisdiction over the federal claims

pursuant to 28 U.S.C. §§1331 (federal question jurisdiction); 28 U.S.C. § 1338(a)

(original jurisdiction in trademark cases); and 15 U.S.C. §§ 1114 *et seq*. (the

Lanham Act).

8.

This Court has supplemental jurisdiction over the claims in this Complaint

that arise under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367(a)

because the state law claims are so related to the federal claims that they form a part

of the same case or controversy and derive from a common nucleus of operative

facts.  Jurisdiction over Delta's state law claims also exists pursuant to 28 U.S.C.

§1338(b) (cases involving unfair competition claims).

9.

Venue is proper in this judicial district.  Pursuant to 28 U.S.C. §§1391(b) and

(c), in specific relation to the causes of action set forth herein, Defendants are, upon

information and belief, transacting business and causing harm to Delta in this

district.  Moreover, in relation to any Georgia victims revealed to have fallen prey to

Defendants' criminal scheme, a substantial portion of the events and wrongful acts

5

complained of herein by Delta will have occurred in this district, and Delta's claims accordingly will be deemed to have arisen in this district.  Venue is also independently proper under the related jurisdictional principles set forth in Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984) and Walden v. Fiore, __ U.S. __, 134 S. Ct. 115, 188 L. Ed. 2d 12 (2014).

**The Parties**

***Delta***

10.

Delta is one of the world's largest commercial airlines, generating roughly 40 billion dollars in annual revenue and offering service to more destinations than any other global airline, with carrier service to 315 destinations in 54 countries on six continents.  Delta serves more than 180 million customers each year and offers more than 15,000 daily flights throughout the world. Through Delta's long and successful efforts, its DELTA Mark, its WIDGET LOGO Mark, its LIVERY Mark, and Delta's other registered marks (collectively, the "Delta Marks") have earned extensive goodwill, favorable recognition, and a worldwide reputation for high-quality products and services.  The Delta Marks are famous marks, instantly recognizable as sources of goodwill, high reputation, and high-quality goods and services.  In 2017, Delta was named to Fortune's Top 50 Most Admired Companies and, for the sixth

time in seven years, was the most admired airline.  Additionally, Delta has been the top-ranked airline in the world in the Business Travel News Annual Airline Survey for six consecutive years.

### *The John Doe Defendants*

11.

Defendants are the architects and perpetrators of a fraudulent and intentional scheme designed to harm the business reputation of Delta; diminish the value of the DELTA Mark, the WIDGET LOGO Mark, the LIVERY Mark, and the other Delta Marks; and defraud innocent retail purchasers who erroneously believe that Defendants are Delta or are acting on behalf of or in conjunction with Delta.

12.

As is detailed below, Defendants' acts have caused and continue to cause a substantial detrimental effect on U.S. commerce by negatively affecting Delta's longstanding and famous reputation.  These wrongful acts are directed by Defendants toward Delta and, pursuant to Defendants' express intent, cause harm to Delta in its home state of Georgia, as well as to Georgia victims targeted by Defendants' illegal scheme.

## Factual Allegations Common to All Counts

### *Delta's Famous Marks*

13.

Delta offers and sells its goods and services under and in conjunction with, among others, the following DELTA-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |

14.

These registrations, which issued on the Principal Register, are in full force and effect. The majority of these registrations have long since acquired "incontestable" registration status.

15.

Delta offers and sells its goods and services under and in conjunction with,

among others, the following WIDGET LOGO-related trademark and service mark

registrations in the United States:

| Reg. No. | Mark | Registration Date |
|----------|------|-------------------|
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |

16.

These registrations, which issued on the Principal Register, are in full force

and effect.  All of these registrations have acquired "incontestable" registration

status.

17.

Delta offers and sells its goods and services under and in conjunction with,

among others, the following LIVERY-related trademark registration in the United

States:

| Reg. No. | Mark | Registration Date |
|----------|------|-------------------|
| 3018887 | LIVERY | November 29, 2005 |

18.

This registration, which issued on the Principal Register, is in full force and

effect.  This registration has long since acquired "incontestable" registration status.

19.

The DELTA, WIDGET LOGO, and LIVERY Marks, along with the other

Delta Marks, serve as unique and famous source identifiers for Delta and its various goods and services, including air transportation and other travel and cargo-related services, including the shipment and transport of pets.

20.

Delta has invested hundreds of millions of dollars in worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the Delta Marks, both in the United States and worldwide.  Delta advertises through a variety of media, including the Internet (on Delta's own website, as well as the websites of authorized third parties), television, radio, newspapers, magazines, and direct mail.

21.

Through Delta's longstanding use of the Delta Marks and its promotional activities related to those marks, and due to the widespread and favorable public acceptance and recognition of those marks, the Delta Marks have become distinctive designations of the source of origin of Delta's goods and services.

22.

The Delta Marks have become uniquely associated with Delta and its high-quality goods and services.

23.

The Delta Marks are assets of incalculable value as symbols of Delta, its

high-quality goods and services, and its goodwill.

24.

By reason of Delta's extensive promotion and sale of its highly-regarded goods and services, the Delta Marks have acquired valuable goodwill, recognition, and renown.  The public has come to recognize these marks as signifying Delta.

25.

By virtue of their extensive use and promotion over the years, the Delta Marks have developed valuable distinctiveness and secondary meaning in the marketplace. The marks have attained a significant and lasting presence in the marketplace, causing the marks to achieve high recognition and value among consumers.

26.

Other than Delta and its authorized affiliates, licensees, and partners, no one is permitted to use the Delta Marks or any other Delta Mark for commercial gain.

27.

Defendants are not authorized to use the DELTA Mark, the WIDGET LOGO Mark, the LIVERY Mark, or any other Delta Mark.

***Defendants' Infringing and Fraudulent Uses of the
Delta Marks on Defendants' Counterfeit Delta Website***

28.

Earlier in 2017, by and through a company (WhoisGuard, Inc.) that serves as its clients' "proxy registrant" to hide the identities of the actual registrants/domain owners, Defendants registered the domain "DeltaPetTransit.com" through registrar NameCheap, Inc.

29.

After obtaining the "DeltaPetTransit.com" domain, Defendants created and made available at the URL *http://www.DeltaPetTransit.com* a website (the "Counterfeit Website") that purports to be owned and operated by Delta.  A true and correct copy of the Counterfeit Website as it appeared on September 18, 2017 is attached hereto at Exhibit A.

30.

The Counterfeit Website describes and advertises pet shipment-related services supposedly offered by Delta.  Delta does, in fact, offer pet travel and pet shipment-related services, as is explained on the real Delta website (Delta.com) at *https://www.delta.com/content/www/en_US/traveling-with-us/special-travel-needs/pets/pet-travel-options.html* (explaining all pet travel/shipment options) and on an authorized Delta-affiliated website (DeltaCargo.com) at

*https://www.deltacargo.com/PetShipment.aspx.*

31.

Defendants' Counterfeit Website includes a Google-provided phone number – (860) 407-2858 – and an e-mail address – info@DeltaPetTransit.com – through which prospective customers, who believe themselves to be dealing directly with Delta, are invited to contact Defendants regarding the pet shipment-related services advertised on the Counterfeit Website.

32.

The Counterfeit Website also lists less prominently a supposed second phone number – (554) 616-9926 – that is, in fact, non-existent.  Specifically, there is no "554" area code in the United States.

33.

The Counterfeit Website likewise includes a supposed physical address for Defendants – 384 Maple Circle, Simi Valley, Nevada 24757 – that is also non-existent.  Specifically, there is no such city in Nevada and no such zip code in the United States.

34.

Defendants use the Counterfeit Website to impersonate Delta and to defraud pet shipment customers who falsely believe they are dealing directly with Delta and

are submitting shipment-related payments directly to Delta.  Defendants convert all

payments made to them to their own benefit and provide no services or

consideration in return.

### *Unauthorized and Harmful Nature of*
### *Misappropriation of Delta Marks by Defendants*

35.

Delta has not authorized any Defendant to use in any way its DELTA Mark,

its WIDGET LOGO Mark, its LIVERY Mark, and/or any other mark or intellectual

property belonging to Delta, including the other Delta Marks.

36.

Delta is in no way affiliated with any Defendant.

37.

Delta has in no way agreed to promote, sponsor, or participate in any manner

in the marketing or sale of any goods or services by, through, or in relation to any

Defendant.

38.

By using Delta's name and marks in the aforementioned manners, Defendants

are passing themselves off as Delta and/or as representatives, agents, and/or partners

of Delta.

39.

Consumers who encounter Defendants' unauthorized uses of the Delta Marks in association with Defendants' fraudulent pet shipment-related services are likely to believe erroneously that they (the consumers) are dealing directly with Delta or that Defendants and their advertised products and services are related to, approved by, associated with, and/or otherwise affiliated with Delta.

40.

Defendants' wrongful acts and representations harm Delta and its business reputation.  These wrongful acts and representations are likely to cause confusion and mistake by the public and by others in the airline and travel industries.  Those who view the Counterfeit Website are deceived into believing that the Defendants and Delta are one and the same, or that Delta is somehow otherwise associated with Defendants, their offers, and their website.

41.

Defendants' wrongful acts and representations harm the business reputation of Delta and cause dilution of the distinctive quality of the famous Delta Marks.

42.

Defendants' dilution of the famous Delta Marks began after such marks became famous.

43.

Defendants have intentionally, willfully, and with full knowledge of the

illegality of their acts, attempted to trade upon the goodwill of Delta and the Delta

Marks to deceive and defraud the general public.

44.

As a result of Defendants' acts, Delta has suffered and continues to suffer and

incur irreparable injury, loss of reputation, and pecuniary damages to be proved at

trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby

causing Delta further immediate and irreparable damage.

### Defendants' Wire Fraud in Furtherance of Scheme
### (Predicate Offense in Relation to Federal and State RICO Counts)

45.

In planning and carrying out their fraudulent scheme against Delta,

Defendants intended to devise and did devise a scheme or artifice to defraud.

46.

Pursuant to this criminal scheme, Defendants intended to and did obtain

money by means of false or fraudulent pretenses, representations, and promises.

Specifically, by means of the fraudulent Counterfeit Website, Defendants ran and

are running a "theft by deception" scheme pursuant to which they masquerade as

Delta and dupe unsuspected consumers – who believe they are dealing with Delta –

into tendering payment to Defendants for pet shipment services that are never rendered.

47.

During the course of planning and carrying out their illegal scheme or artifice, for the purpose of executing such scheme or artifice, Defendants caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce writings, signs, signals, pictures, and/or sounds for the purpose of executing such scheme or artifice.  Specifically, the foundation of Defendants' criminal scheme is the Counterfeit Website at DeltaPetTransit.com, the access to and use of which by any victim, prospective victim, or other Internet user necessarily involves interstate commerce.  Furthermore, upon information and belief, Defendants have used the interstate telephone system and Internet e-mails in furtherance of their illegal activities.

48.

Each website visit, call, and e-mail from, by, or to a victim or prospective victim involved and involves interstate commerce.

49.

In violation of 18 U.S.C. § 1343, Defendants have committed wire fraud.

*Counterfeiting*

50.

In carrying out the above-described scheme, Defendants intentionally trafficked in fraudulent services by the knowing use of counterfeit Delta Marks in violation of 18 U.S.C. § 2320.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT & COUNTERFEITING

51.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 as if those allegations were again set forth in full.

52.

Defendants' unauthorized use in commerce of the Delta Marks, including use in Defendants' Counterfeit Website and otherwise in relation to their illegal scheme, is likely to result in confusion, deception, and/or mistake by consumers and other members of the general public.

53.

Defendants' unauthorized use in commerce of the Delta Marks, including use in the Counterfeit Website and otherwise in relation to their illegal scheme, has, as intended by Defendants and upon information and belief, caused actual confusion by

the recipients and other members of the general public.

54.

Defendants have used and are continuing to use the Delta Marks with full

knowledge of Delta's prior and extensive rights in those marks and the other Delta

Marks, and with a bad faith intent and purpose to trade upon the goodwill associated

with the Delta Marks.

55.

Defendants' infringement is willful and deliberate.

56.

Defendants' unauthorized use in commerce of the Delta Marks constitutes an

infringement of Delta's registered trademarks pursuant to 15 U.S.C. §§ 1114 *et seq.*

57.

The Delta Marks used by Defendants constitute "counterfeit marks" pursuant

to 15 U.S.C. § 1116(d).

58.

Specifically, the Delta Marks used by Defendants in their Counterfeit Website

and otherwise in relation to their criminal scheme represent in each instance "a

counterfeit of a mark that is registered on the principal register in the United States

Patent and Trademark Office for such goods or services sold, offered for sale, or

distributed and that is in use, whether or not the person against whom relief is

sought knew such mark was so registered[.]"

59.

Defendants' above-described violations involved their intentional use of

counterfeit versions of the Delta Marks in connection with the sale, offering for sale,

or distribution of Defendants' goods or services.  These violations also involved

Defendants' knowing provision of goods or services necessary to the commission of

counterfeiting violations by Defendants' co-enterprisers and joint tortfeasors.

60.

No extenuating exculpatory circumstances or other mitigating factors exist in

Defendants' favor.

61.

Defendants knew and intended that their use of the Delta Marks violated the

governing law.  Defendants acted willfully, deliberately, and in bad faith in relation

to the counterfeiting and other violations described herein.

62.

Defendants have acted in a malicious, fraudulent, deliberate, and willful

manner.  Defendants' violations render the circumstances underlying Delta's claims

and Defendants' violations "exceptional."

63.

Pursuant to 15 U.S.C. § 1117(a), Delta is entitled to recovery of all profits of Defendants arising from or relating to their criminal scheme.  Moreover, pursuant to 15 U.S.C. § 1117(b), Delta is entitled to the greater of three times its damages or three times the Defendants' profits, as well as reasonable attorney fees.

64.

In the alternative, pursuant to 15 U.S.C. § 1117(c) and considerations of what is "just" under these circumstances, Delta is entitled to statutory damages.  Also pursuant to 15 U.S.C. § 1117(c), Delta is entitled to heightened statutory damages of $2 million per counterfeit Delta Mark.  Because Defendants' counterfeiting involves three separate counterfeit Delta Marks (the DELTA Mark, the WIDGET LOGO Mark, and the LIVERY Mark), Delta is entitled to recover $6 million in base statutory damages.

65.

In relation to this count and all counts set forth above and below, Delta will elect among the various, above-described forms of monetary damages when so required by the governing statutes, rules, and case law.  Until such time, Delta expressly claims and reserves all possible alternate and overlapping monetary damages allowed by law.

66.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT II
## UNFAIR COMPETITION UNDER FEDERAL LAW

67.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 as if those allegations were again set forth in full.

68.

Defendants have and are engaged in acts of unfair competition through the use of false designations of origin and false advertising in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

69.

Defendants have used and are using without authorization the Delta Marks.

70.

Defendants have made and are making false express and implied representations that their products and services originate with, are associated with,

and/or are endorsed or allowed by Delta in such a manner as to create a likelihood of

confusion among consumers, thereby inducing the belief that, contrary to fact,

Defendants' products and services are sponsored by, approved by, or otherwise

tolerated by Delta.

71.

Defendants' unauthorized use in commerce of the Delta Marks constitutes a

false designation of origin and a false or misleading representation of fact that is

likely to confuse or deceive consumers, or cause consumers to believe mistakenly

that Defendants and/or their products and services are offered by Delta, or are

otherwise affiliated, connected, or associated with, or sponsored or approved by

Delta.

72.

Defendants' unauthorized use in commerce of the Delta Marks in connection

with the fraudulent Counterfeit Website and the related services supposedly offered

by Defendants constitutes a misappropriation of the distinguishing and identifying

features that Delta created through substantial effort and expense.

73.

Defendants' actions constitute violations of 15 U.S.C. §1125(a) in that such

false designation and representations of origin and quality are used on or in

connection with the services and products that Defendants cause to enter into or to affect interstate commerce (i.e., the supposed pet shipment-related services offered by Defendants).

74.

Defendants have used and are continuing to use the DELTA, WIDGET LOGO, and LIVERY Marks with full knowledge of Delta's extensive and longstanding rights in those marks, and therefore with an intent and bad faith purpose to trade upon the goodwill of those marks.

75.

Defendants' infringement is willful and deliberate.

76.

Defendants' unauthorized use in commerce of the Delta Marks constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

77.

Defendants' acts have irreparably damaged, impaired, and diluted Delta's goodwill and good name.  Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing

Delta further immediate and irreparable damage.

### COUNT III
### TARNISHMENT OF FAMOUS MARK (LANHAM ACT)

78.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 as if those allegations were again set forth in full.

79.

Defendants' use of the Delta Marks creates an undesirable, unwholesome, and unsavory association with Delta and its reputation.

80.

Defendants' use of the Delta Marks to defraud the public is grossly inconsistent with the image and goodwill cultivated by Delta through and in relation to the use of those marks.

81.

Defendants' activities complained of herein constitute tarnishment, a special form of dilution within the meaning of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

82.

As a result of Defendants' acts, Delta has suffered and continues to suffer and

incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT IV
## FEDERAL CIVIL RICO VIOLATIONS

83.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 above as if those allegations were again set forth in full.

84.

18 U.S.C. § 1964 creates a private cause of action for persons and entities injured by violations of 18 U.S.C. § 1962 (the federal Racketeer Influenced & Corrupt Organizations Act).

85.

Defendants' illegal and infringing scheme detailed above, including the underlying wire fraud, constitutes "racketeering activity" as that term is defined in 18 U.S.C. § 1961.

86.

Defendants' theft, scams, and schemes detailed above constitute a pattern of racketeering activity, as required by 18 U.S.C. § 1961.

87.

In violation of 18 U.S.C. § 1962(a), Defendants have, through the pattern of racketeering activity described above and through the income derived therefrom, used and/or invested such income and its proceeds to acquire, establish, and operate an enterprise engaged in and affecting interstate and foreign commerce.

88.

In violation of 18 U.S.C. § 1962(b), Defendants have, through the pattern of racketeering activity described above and through the proceeds derived therefrom, acquired and/or maintained, directly or indirectly, an interest in and/or control of an enterprise engaged in and affecting interstate and foreign commerce.

89.

In violation of 18 U.S.C. § 1962(c), Defendants have, through a pattern of racketeering activity, conducted and participated in, directly or indirectly, an enterprise engaged in and affecting interstate and foreign commerce.

90.

In violation of 18 U.S.C. § 1962(d), Defendants have conspired and/or endeavored to violate the provisions of 18 U.S.C. §§ 1962 (a), (b), and (c).

91.

Pursuant to 18 U.S.C. § 1964, Defendants are liable to Delta for three times

Delta's actual damages, punitive damages, attorney fees, investigative costs, and all other costs associated with or necessitated by the present litigation.

92.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

93.

Pursuant to 18 U.S.C. § 1964, Delta is entitled to a preliminary injunction and a permanent injunction directing Defendants to cease and desist from the above-described conduct.

**COUNT V**
**GEORGIA CIVIL RICO VIOLATIONS**

94.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 as if those allegations were again set forth in full.

95.

O.C.G.A. § 16-14-6(c) creates a private cause of action for persons and entities injured by violations of O.C.G.A. 16-14-4 (Georgia's "RICO" or Racketeer

Influenced & Corrupt Organizations Act).

96.

Defendants' illegal and infringing campaign detailed above constitutes

"racketeering activity" as that term is defined in O.C.G.A. § 16-14-3(3).

97.

Defendants' illegal and infringing campaign constitutes a pattern of

racketeering activity, as required by O.C.G.A. § 16-14-3(2).

98.

In violation of O.C.G.A. § 16-14-4(a), Defendants have, through the pattern

of racketeering activity described above and through the proceeds derived

therefrom, acquired and/or maintained, directly or indirectly, an interest in and/or

control of an enterprise, real property, and/or personal property (including, but not

limited to, money).

99.

In violation of O.C.G.A. § 16-14-4(b), Defendants have, through a pattern of

racketeering activity, conducted and participated in, directly or indirectly, an

enterprise.

100.

In violation of O.C.G.A. § 16-14-4(c), Defendants have conspired and/or

endeavored to violate the provisions of § 16-14-4(a) and (b).

101.

Pursuant to O.C.G.A. § 16-14-6, Defendants are liable to Delta for three times its actual damages, punitive damages, attorney fees, investigative costs, and all other costs associated with or necessitated by the present litigation.

102.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

103.

Pursuant to O.C.G.A. § 16-14-6, Delta is entitled to a preliminary injunction and a permanent injunction directing Defendants to cease and desist from the above-described conduct.

**COUNT VI**
**UNFAIR COMPETITION (STATE)**

104.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 as if those allegations were again set forth in full.

105.

Defendants have and are engaged in fraudulent acts or practices in violation of the prohibition against unfair competition found at O.C.G.A. § 23-2-55.

106.

Defendants have used and are using the Delta Marks in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of Defendants' fraudulent services and activities described above.

107.

Defendants' use of the Delta Marks creates the unreasonable risk that members of the general public may conclude that there exists some affiliation, connection, or association between and among Delta, the Defendants and the Defendants' Counterfeit Website and fraudulent activities.

108.

Defendants' acts have damaged, impaired, and diluted that part of Delta's goodwill and good name symbolized by the Delta Marks.  The nature, probable tendency, intent, and effect of Defendants' use of the Delta Marks are to enable Defendants to deceive the public.

109.

Defendants had actual knowledge of Delta's rights at the time they decided to

use the Delta Marks in connection with Defendants' fraudulent enterprise.  Thus, Defendants willfully and deliberately infringed upon Delta's rights.

110.

Defendants' unfair business practices are of a recurring nature and are harmful to the consumers and the public at large, as well as Delta.  These practices constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising.

111.

Defendants' use of the Delta Marks constitutes unfair competition as prohibited by O.C.G.A. § 23-2-5.

112.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT VII
## DECEPTIVE TRADE PRACTICES

113.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 above as if those allegations were again set

forth in full.

114.

Defendants have and are engaged in fraudulent acts or practices in violation of the prohibition against deceptive trade practices found at O.C.G.A. § 10-1-372 et seq.

115.

Defendants have used and are using the Delta Marks as a part of Defendants' fraudulent enterprise in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of the fraudulent pet shipment-related services supposedly offered by Defendants.

116.

The use of the Delta Marks by Defendants creates an unreasonable risk that members of the general public may conclude that there exists some affiliation, connection, or association between Delta and Defendants, their Counterfeit Website, and their fraudulent activities.

117.

Defendants' acts have damaged, impaired, and diluted that part of Delta's goodwill symbolized by the Delta Marks.

118.

The nature, probable tendency, and effect of Defendants' use of the Delta

Marks in the manner alleged are to enable Defendants to deceive the public.

119.

Defendants' use of the Delta Marks in the manner alleged constitutes

deceptive trade practices of a type prohibited by O.C.G.A. § 10-1-372 et seq.

120.

Defendants had actual knowledge of Delta's rights at the time they decided to

use the Delta Marks in connection with Defendants' fraudulent enterprise.

Defendants accordingly willfully and deliberately infringed upon Delta's rights.

121.

Defendants' unfair business practices are of a recurring nature and harmful to

the consumers and the public at large, as well as to Delta.  These practices constitute

unlawful, unfair, fraudulent, and deceptive business practices; unfair, deceptive,

untrue, and misleading advertising; and outright theft.

122.

As a result of Defendants' acts, Delta has suffered and continues to suffer and

incur irreparable injury, loss of reputation, and pecuniary damages to be proved at

trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby

causing Delta further immediate and irreparable damage.

## COUNT VIII
## UNJUST ENRICHMENT

### 123.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 above as if those allegations were again set forth in full.

### 124.

Defendants have and are engaged in acts of unjust enrichment, entitling Delta to quasi-contractual relief under the law of the State of Georgia.

### 125.

Defendants have derived economic benefit from their unauthorized use of the Delta Marks.

### 126.

Defendants have paid no compensation to Delta for Defendants' illegal and unauthorized use of the Delta Marks.

### 127.

As a result of their conduct, Defendants have been unjustly enriched.

### 128.

As a result of Defendants' acts, Delta has suffered and continues to suffer and

incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT IX
## ATTORNEY FEES PURSUANT TO O.C.G.A. § 13-6-11

129.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 above as if those allegations were again set forth in full.

130.

In relation to their wrongful acts described above and to each and every count set forth above, Defendants have acted in bad faith and have caused Delta unnecessary trouble and expense.  As detailed above, Defendants intentionally and in bad faith engaged in the specified misconduct with full knowledge of the harm that would result to Delta.

131.

Delta is entitled to recover all expenses and fees relating to the misconduct of Defendants giving rise to the present litigation.  Pursuant to O.C.G.A. § 13-6-11, this recovery includes reasonable attorney fees expended herein by Delta.

## COUNT X
## PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-51

### 132.

Delta realleges and incorporates into this count by reference the allegations contained in paragraphs 1 through 50 above as if those allegations were again set forth in full.

### 133.

In relation to their wrongful acts described above and to each and every count set forth above, Defendants have acted with willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises a presumption of conscious indifference to the consequences of their actions.

### 134.

Defendants knew that their intentional wrongful acts would cause substantial harm to Delta and the general public.  Defendants intended the consequences of their actions.  Indeed, the express goal of Defendants' wrongful acts was fraudulent financial gain for Defendants to the harm and expense of Delta and the victimized consumers.

### 135.

Given the egregious and intentional nature of Defendants' conduct, Delta is entitled to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to punish

and penalize these Defendants, to deter these Defendants from similar future

misconduct, and to deter other persons and entities similarly situated to Defendants

from engaging in future misconduct like that of Defendants.

## PRAYER FOR RELIEF

Delta prays for judgment against Defendants, and each of them, jointly and

severally, that includes:

(a)  A preliminary and permanent injunction enjoining Defendants and any

affiliated persons or entities (including their officers, directors, agents,

employees, successors, and assigns and all others acting in knowing concert

with them) from directly or indirectly:

(1)  Using any Delta Marks (including the DELTA Mark, the WIDGET LOGO

Mark, and the LIVERY Mark) or any confusingly similar mark or

designation, in connection with the marketing, promotion, and/or sale of

travel or cargo-related goods or services;

(2)  Otherwise infringing upon any trademark or service mark belonging to

Delta;

(3)  Engaging in any other or further acts of unfair competition against Delta;

(4)  Using any trademark or trade name which will be likely to dilute the

distinctive quality of Delta's marks (including the Delta Marks) and/or to

tarnish the business reputation of Delta;

    (5)  Engaging in any deceptive trade practices in the offering of goods or services under or by the use of any Delta Marks and/or any other variation or simulation of Delta's trademarks; and

    (6)  Engaging in any deceptive business practice in the offering of goods and/or services under or by the use of the Delta Marks and/or any other variation or simulation of Delta's trademarks;

(b)  An order directing Defendants to deliver up for destruction all electronic files, labels, signs, prints, packages, wrappers, receptacles, advertisements, letters, postcards, documents, and/or other materials in their possession, custody, or control that display any mark belonging to Delta (including the Delta Marks), along with all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118;

(c)  Special and general damages in an amount to be proved at trial, including, but not limited to, all profits received by Defendants from sales and revenues of any kind made as a result of Defendants' infringing and diluting actions;

(d)  The trebling of its damages pursuant to statutory law cited herein;

(e)  Punitive and exemplary damages in an amount to be proven at trial;

(f)  Reasonable attorney fees herein;

(g)  Costs of suit incurred herein; and

(h)  Such other and further relief as this Court deems just and proper.

This 21st day of September, 2017.

WELLBORN & WALLACE, LLC

/s/ Paul F. Wellborn III
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 77592
Attorneys for Plaintiff Delta Air Lines, Inc.

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone:      (404) 815-9595
Fax:         (404) 815-9957
E-mail:     pete@wellbornlaw.com
              kelly@wellbornlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DELTA AIR LINES, INC.,          )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. _____
                                )
JOHN DOES 1-25,                 )
                                )
            Defendants.         )

## RULE 7.1 CERTIFICATE OF
## COMPLIANCE WITH LOCAL RULE 5.1

This certifies that the foregoing Complaint for Injunction and Damages was prepared using 14-point Times New Roman font and accordingly complies with Local Rule 5.1.  This certificate is given in compliance with Local Rule 7.1(D).

This 21st day of September, 2017.

WELLBORN & WALLACE, LLC

/s/ Paul F. Wellborn III
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Attorneys for Plaintiff Delta Air Lines, Inc.

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone:    (404) 815-9595
Fax:      (404) 815-9957
E-mail:   pete@wellbornlaw.com
          kelly@wellbornlaw.com