AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 1:17-CV-03671-TWT |
| JOHN DOES 1-25, | ) ) ) |
| Defendants. | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION**

To:   Custodian of Documents
      Tucows, Inc.
      96 Mowat Avenue
      Toronto, ON M6K 3M1
      Canada

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**Documents to be Produced:**

All documents described in Exhibit A, which is attached hereto and incorporated herein by reference as if set forth in full.

| Place: | Date and Time: |
|---|---|
| At your address specified above. In lieu of such personal inspection, however, you may (and are requested to) forward via e-mail/fax and via U.S. mail copies of the responsive documents to the attorney for Plaintiff, who will reimburse reasonable copying and costs:<br><br>WELLBORN & WALLACE, LLC<br>(Attention: Pete Wellborn)<br>1175 Peachtree St. NE, Suite 300       E-mail: pete@wellbornlaw.com<br>Atlanta, GA 30361                                Fax:      (404) 815-9957 | November x, 2017 |

The following provisions of Fed. R. Civ. P. 45 are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October __, 2017

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361
  Phone:      (404) 815-9595
  Fax:        (404) 815-9957
  E-mail:     pete@wellbornlaw.com

**WELLBORN & WALLACE, LLC**

_/s/ Paul F. Wellborn III_
Paul F. Wellborn III
Georgia Bar No. 746720

Attorney for Plaintiff Delta Air Lines, Inc.

The name, address, e-mail address, and telephone number of the attorney representing Delta Air Lines, Inc. (the party that issued this subpoena) appear immediately above.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:13-CV-03388-MHC (Northern District of Georgia)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena on _____, 2017.

☐ I served this subpoena on _____, 2017 upon _____

   by _____.

☐ I was unable to serve the subpoena for the following reason: _____.

☐ I tendered to the witness fees for one day's attendance and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

Comments/Addition Information re: Attempted Service, etc.:




I declare under penalty of perjury this _____ day of _____, 2017 that this information is true.

   _____

EXHIBIT G.1 - Page 2

Case 1:17-cv-03671-MLB   Document 4-7   Filed 10/24/17   Page 3 of 4

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 1:17-cv-03671-MLB   Document 4-7   Filed 10/24/17   Page 4 of 4

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED BY REGISTRAR**

**DEFINITIONS**

The term "document" includes, without limitation, the original and any non-identical copy, whether different from the original because of handwritten notes, underlinings on the copy, or otherwise, regardless of origin or location, of written, typed, printed, or graphic matter (however produced or reproduced), electrical or magnetic sound or video recordings, film, or photographic prints, or any other writings or recordings of every kind and description (including but not limited to papers, letters, correspondence, agreements, contracts, e-mails, calendars, telegrams, handwritten notes, notations, memoranda (including memoranda of conversations or meetings), notebooks, reports, records, articles, books, tables, charts, graphs, lists, diaries, diary entries, facsimiles, specimens, models, schedules, accounts, ledgers, audits, computer printouts, telephone or other bills or invoices and indices, and drafts, revisions, or amendments of any of the above) and generally, any kind of tangible, permanent records that are now, or formerly were, in your possession, custody, or control.  "Document" also includes any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form and any other item or material included within the definition of "document" appearing at Federal Rule of Civil Procedure 34(a)).

**DOCUMENTS TO BE PRODUCED**

1.  All documents relating to or specifically referencing the identity(s), whereabouts, and contact information for any persons or entities for whom you provided domain registration or other services in relation to the following Domain(s):

    (1) NewLifePoodles.com; (2) YoungChihuahuas.com; and (3) MyDoodlePuppies.com.

2.  Excluding registration-related proxies and other entities that offer or purport to offer similar privacy-related services by serving as a strawman or surrogate registrant to hide the identifies of the actual registrant, all documents relating to or specifically referencing any other domain(s) in relation to which you provided the same or similar registration-related services for or at the direction of any person or entity identified in your response to Request 1.

3.  In relation to every Domain identified above at Request 1 and/or in your response to Request 2, Documents sufficient to provide the following information in relation to all payments received by you for, from, or in relation to each , including, but not limited to: account number (for the check, credit card, or financial account used to pay you), account holder names (for the check, credit card, or financial account used to pay you), issuing bank (for the check, credit card, or financial account used to pay you), check number (if payment was by check), and all other such payer-specific information as may be in your possession, custody, or control.

4.  In relation to every Domain identified above at Request 1 and/or in your response to Request 2, all Documents that evidence, arise from, constitute, or relate in any way to communication or correspondence of any sort sent or received by you or to you.

5.  In relation to every Domain identified above at Request 1 and/or in your response to Request 2, if sign-up for the services you provided was carried out online (i.e., via the Internet) by the pertinent customer, all logs, computer records, captured information, or the like arising from, occurring during, or relating to the registration/purchase-related process, including, but not limited to, the connecting IP address, time, and date.

6.  All other Documents that relate specifically to every Domain and/or customer identified in any of your responses to Requests 1-5 above.